

Sandler, Travis & Rosenberg, P.A. by Edward M. Joffe, of counsel, Miami, Fla., for plaintiff.

Russotti & Barrison by Harvey Barrison, of counsel, New York City, for defendants.

## OPINION

SWEET, District Judge.

Defendants American Motorist Insurance Company ("Amico") and C.A. Shea & Company, Inc. ("Shea") have moved for reconsideration of the opinion issued on June 13, 1989 in which Amico was granted summary judgment dismissing Counts Two and Three and granted time to submit further information. 715 F.Supp. 1221. Plaintiff, Pittston Warehouse Corporation ("Pittston"), who was granted summary judgment, *sua sponte*, on Count One of the complaint, has cross-moved for reconsideration of the dismissal of Counts Two and Three. For the reasons set forth below, both motions are denied.

*Prior Proceedings*

The prior proceedings and facts are set forth in the June 13 opinion. The opinion, on the basis of failure to state a cause of action, dismissed both Pittston's claim in

**PITTSTON WAREHOUSE
CORPORATION,**
Plaintiff,

v.

**AMERICAN MOTORISTS INSURANCE
COMPANY and C.A. Shea &
Company, Inc., Defendants.**

**No. 88 Civ. 6238 (RWS).**

United States District Court,
S.D. New York.

June 15, 1990.

Count Two alleging failure to preserve the value of the collateral, specifically interest on the collateral for Bond II from the date of cancellation until the date the money was returned, as well as interest on the Bond I collateral from the date of payment until the date the funds were returned, and in Count Three alleging breach of good faith by Amico. Implicit in that ruling was both a denial of the motion to compel discovery on those counts and a denial of the motion staying the summary judgment motion pending discovery.

The opinion also granted Pittston summary judgment on Count One of the complaint, conversion, but allowed Amico twenty days to submit further materials to avoid prejudice of the *sua sponte* granting of summary judgment in favor of Pittston on Count One.

By order of October 3, 1989, Amico was granted another extension to December 15, 1989 by which to submit further material with respect to the conclusions reached in the June 13 opinion. By letter of November 6, 1989 Amico requested a reconsideration of the June 13 decision on the basis of a November 2, 1989 letter from Customs and a computer printout from the surety allegedly indicating open violations by Pittston. Pittston also moved for reconsideration of the dismissal of Counts Two and Three of the complaint on the basis that they should have been permitted additional discovery prior to the dismissal and that these counts stated a cause of action for recovery. Both motions for reconsideration were argued and considered submitted as of February 16, 1990.

*Pittston's Motion for Reconsideration is Untimely*

Pursuant to Local Rule 3(j) of the Uniform Civil Rules for the Southern and Eastern Districts, a motion for reargument must be made within ten (10) days after the docketing of the court's determination of the original motion.

The opinion on the underlying motion was filed June 13, 1989. Pittston did not make this motion for reconsideration until over five months later. Although the opinion granted Amico opportunity to present additional material, Pittston was not granted a similar opportunity and the material presented by Amico does not affect either Counts Two or Three dismissed in that opinion. Pittston's motion is untimely and, moreover, presents no new issues of fact or law upon which a motion for reargument would be necessary.

*Amico's Supplemental Materials Do Not Provide a Basis for Reconsideration of Count One*

At dispute in Count One for conversion is a warehouse bond identified as Bond III. As stated in the June opinion, on December 12, 1985, Customs decided to increase the bond requirements and demanded an issuance of a bond of $100,000. Amico, surety for Pittston, issued Bond III on January 13, 1986 and Pittston provided Amico a standby letter of credit as security for that obligation. Pittston was, in turn, required to post a cash collateral with its bank to secure the letter of credit. That letter of credit automatically extended for one year periods unless thirty days before the expiration date Pittston notified Amico that they chose not to renew the letter. Pittston's failure to renew without the consent of Amico could lead to a draw on the letter of credit in the full amount.

Amico has refused to authorize cancellation of the letter of credit and, therefore, Pittston's funds are still held in escrow at its bank. The letter of credit has been renewed annually.

The June opinion held that to secure a release of the collateral, Pittston was required to establish Amico's lack of liability by showing not only that there was no likelihood of a claim, but that there is no future liability. On the basis of the court's interpretation of the September 21, 1989 letter from the Customs Service, it was found that Amico was unambiguously relieved from any possible liability for any claims made under the bond after August 12, 1987, regardless of when the claims arose or were discovered.

To dispute the interpretation given to the September 21, 1987 letter, Amico has submitted a November 2, 1989 letter of information within the meaning of 19 CFR 177.-

1(d)(2), from William G. Rosoff, Chief of Entry Rulings Branch at the U.S. Customs Service. The letter, however, does no more than reiterate the information that was available to the court at the time of the original motion. The letter confirms in pertinent part the court's analysis:

> [E]ffective August 12, 1987, any claims issued on or after that date would be issued against the bond in effect on or after that date.

Bond III was no longer in effect after the August 12, 1987 date. No claims were assessed against Pittston, for which Amico would be the surety, prior to that date.

Moreover, although surety and principal remain liable on a terminated bond for obligation incurred prior to termination, Customs considers that the time of breach of a bond for warehouse violations is generally presumed to be the time of discovery of the irregularities which give rise to the claim for liquidated damages. After inspection, no such discovery had been made prior to August 12, 1987. Any breach of the obligations of the warehouse proprietor discovered currently would be assessed against the current bond.

Accordingly, no new information has been presented to the court to merit a reconsideration of the June 13 opinion granting summary judgment for Pittston on Count One.

It is so ordered.